UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANDREA MORROW,

              Plaintiff,

    v.

NAVEX,

              Defendant.

Case No. 3:24-cv-01171-AR

**ORDER TO AMEND**

**ARMISTEAD, Magistrate Judge**

      Plaintiff Andrea Morrow, representing herself, brings this lawsuit against defendant Navex, alleging identity theft, business malpractice, and fraud. Morrow also seeks to proceed *in forma pauperis*. As explained below, Morrow's complaint does not contain enough facts to show that this court has jurisdiction and that Navex is liable for any wrongdoing. Morrow must therefore file an amended complaint correcting those deficiencies to avoid dismissal of her lawsuit.

## BACKGROUND

      Morrow's allegations against Navex are confusing. Morrow asserts that she received an odd email with her name and email address attached. The email stated that Morrow filed a complaint against a company and filed a report, and the email included an attached "report key."

Page 1 – ORDER TO AMEND

According to Morrow, she has contacted the company (presumably Navex) about the improper use of her name and email address, and to access the information associated with the complaint and report. Using her name and email address, in Morrow's view, constitutes identity theft and fraud. Morrow alleges that her accounts have been used by other people without her permission for four years and that safety measures have not been followed to protect her name and personal information. Morrow seeks $1 million in damages to compensate her for the pain and suffering caused by the release and use of her information, and she seeks to have safety measures put in place to protect her name and email address. (Compl., ECF No. 1.)

## LEGAL STANDARD

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, in forma pauperis. For in forma pauperis cases, Congress directs that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The court's screening obligation includes determining whether there are claims capable of being tried by this court, or in other words, are cognizable claims.[1]

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior

---

[1] *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam). "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also Stephens v. Biden*, Case No. 3:23-cv-00817-SB, 2024 WL 554274, at *3 (D. Or. Jan. 26, 2024), *adopted by* 2024 WL 665177 (Feb. 15, 2024) ("A court is generally not required to sift through a self-represented litigant's allegations and voluminous exhibits to tease out a valid claim.") (simplified). Under § 1915(e)(2), a complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## DISCUSSION

A.   *Subject Matter Jurisdiction*

The United States Constitution and federal law allow only certain kinds of cases in federal court. That limited authority of a federal court is known as its **subject matter jurisdiction**, and, if a federal court does not have subject matter jurisdiction for a case, the court must dismiss it (in other words, put the case out of its consideration). *See Adkison v. C.I.R.*, 592 F.3d 1050, 1055 (9th Cir. 2010) (subject matter jurisdiction "refers to a tribunal's power to hear a case"). The two kinds of cases for which a federal court has jurisdiction are (1) "federal question" cases and (2) "diversity of citizenship" cases. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This limited jurisdiction is different from Oregon circuit courts, which have subject matter jurisdiction over all actions unless a statute or law divests them of jurisdiction. *Owen v. City of Portland*, 368 Or. 661, 684 (2021) ("Oregon circuit courts 'ha[ve]

general jurisdiction, to be defined, limited, and regulated by law in accordance with th[e Oregon] Constitution.' Or Const, Art VII (Original), § 1.").

To establish **federal question jurisdiction**, a plaintiff must plead that defendants have violated a **federal constitutional** or **statutory provision**. 28 U.S.C. § 1331; *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (The "party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). On the civil cover sheet and in the complaint, Morrow indicates this court has jurisdiction based on federal question, and lists identity theft, business malpractice, and fraud as her causes of action. However, Morrow does not identify a federal statute or federal constitutional provision that provide this court with federal question jurisdiction, leaving the court to guess. If Morrow's claims do not arise under a federal law or constitutional provision, this court does not have federal question jurisdiction over her case. Should Morrow choose to file an amended complaint and assert federal question jurisdiction, Morrow must include specific allegations showing a cause of action under a federal statute or federal constitutional provision.

To establish **diversity jurisdiction**, a plaintiff must plausibly allege that **damages are more than $75,000, that he is a citizen of one state, and that all the defendants are citizens of other states**. 28 U.S.C. § 1332(a). Morrow does not allege diversity jurisdiction and for good reason. Morrow is an Oregon citizen, and provides that Navex is a Lake Oswego, Oregon company. Therefore, diversity does not provide this court with subject matter jurisdiction.

**B.      *Sufficiency of Complaint***

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing the sufficiency of a complaint filed by a self-represented plaintiff, the court liberally construes the pleadings and accepts as true the factual allegations contained in the complaint. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, stating a claim requires the plaintiff to plead factual content that permits the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A complaint fails to state a claim when there is no identifiable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

The complaint as currently alleged against Navex does not comply with Rule 8. As noted above, Morrow asserts federal question jurisdiction, but does not point to a federal statute or constitutional provision as a basis for her claims. Morrow lists identity theft, business malpractice, and fraud as causes of action against Navex. Yet Morrow provides no dates about when any of the alleged wrongdoing took place, what was in the alleged complaint or report, or how the release of that information by Navex caused her harm. As currently pleaded, the complaint lacks enough detail to enable the court to discern what has occurred and what legal theory Morrow is attempting to pursue. Thus, Morrow's complaint fails to support any inference that Navex is liable for any alleged misconduct as required by Rule 8. Should Morrow choose to

file an amended complaint, she must identify specific facts under each cause of action and allege how Navex is liable for any misconduct.

## CONCLUSION

For Morrow to proceed further, an AMENDED COMPLAINT that provides alleges enough factual detail to show that this court has federal question jurisdiction and that Navex is responsible for alleged wrongdoing as required by Rule 8 must be filed within 30 days – or **August 30, 2024.** Failure to respond to this Order by August 30, 2024, may mean that the court will recommend dismissing this case. The court DEFERS ruling on Morrow's application for IFP status.

DATED: July 31, 2024.

_____
JEFF ARMISTEAD
United States Magistrate Judge